FILED



# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**MYRTO DASKALOUDI, PETER TSOLKAS, AND
NICHOLAS SEGAL-WRIGHT,**

        **Plaintiffs,**

**v.**

    Case No.:3:17-cv-34-J-25MCR

**STEPHEN ZUKOWSKY, individually; and
JOSHUA LAWRENCE, individually,**

        **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright, bring this action seeking monetary damages, attorney's fees, and costs against Defendants and allege the following:

1. This is an action for damages, attorney's fees, and costs for the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of the Court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331 and 1343, as to the federal claims herein.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391, in that the cause of action arose in this district.

4. Plaintiff, Myrto Daskaloudi, was, at all times relevant, an adult resident of Plainfield, Washington County, Vermont, and a citizen of the United States.

1

5.   Plaintiff, Peter Tsolkas, was, at all times relevant, an adult resident of Lake Worth, Palm Beach County, Florida, and a citizen of the United States.

6.   Plaintiff, Nicholas Segal-Wright, was, at all times relevant, an adult resident of Lake Worth, Palm Beach County, Florida, and a citizen of the United States.

7.   Defendant, Stephen Zukowsky, was, at all times relevant, a Lieutenant with the Florida Fish & Wildlife Conservation Commission ("FWC") and acted under the color of State law. At all times relevant to this cause, Defendant Zukowsky, upon information and belief, was a resident of Florida.

8.   Defendant, Joshua Lawrence, was at all times relevant, an officer with FWC and acted under the color of State law. At all times relevant to this cause, Defendant Lawrence, upon information and belief, was a resident of Florida.

## FACTUAL ALLEGATIONS

9.   On or about September 8, 2015, the city of St. Augustine held a city-wide 450th anniversary celebration.

10.   The anniversary celebration included a re-enactment of Pedro Menendez landing on the St. Augustine shore.

11.   Plaintiffs took issue with the landing re-enactment because of Pedro Menendez's history of genocide, specifically, his acts of theft and terror against the indigenous people of St. Augustine.

12.   Plaintiffs were in a canoe during the landing re-enactment to peacefully protest the celebration of Menendez.

13.   Defendants stopped Plaintiffs during their peaceful protest to complete a vessel inspection on the canoe.

2

14. During the vessel inspection, Defendant Zukowsky began badgering the canoe occupants about their life vests.

15. Upon the appearance that one life vest may be too small, Defendant Zukowsky began asking one of the female occupants about her chest size, and asking, "Do you wear a bra?"

16. Defendant Zukowsky determined that one of the life vests was too small for the individual wearing it.

17. Defendant Zukowsky told Plaintiffs if they decided to stay out on the waterway he would cite them for reckless operation of the vessel and for not having a proper sized life vest.

18. However, a proper sized life vest was located for each occupant of the canoes, thereby alleviating the problem and allowing them to legally remain out in the water.

19. Before releasing Plaintiffs, Defendant Zukowsky told the group not to get between the reenactment vessels and their escorts.

20. Thereafter, Plaintiffs traveled alongside the procession but did not impede any boats' navigation nor did they get in between the reenactment vessels and their escorts.

21. Plaintiffs peacefully protested from their canoe, chanting several phrases, including, "disgusting display to be celebrating genocide," "no pride in genocide," and "no honor, no pride, Menendez caused genocide."

22. Despite no change in the course of the canoers, the re-enactment boats, or its escorts, Defendant Zukowsky suddenly yelled to Plaintiffs, "you're all under arrest right now."

23. Defendants Zukowsky falsely stated that Plaintiffs maneuvered the canoe into the path of the re-enactment vessels forcing one of the re-enactment vessels to take last second evasive action.

3

24. Following Defendant Zukowsky's declaration that they were all under arrest, Defendants Zukowsky and Lawrence secured the canoe to the patrol vessel and towed the canoe to a private floating dock.

25. Plaintiff Myrto Daskaloudi was arrested for Resisting an Officer Without Violence and taken to jail.

26. Plaintiff Nicholas Segal-Wright was arrested for Resisting an Officer Without Violence and taken to jail.

27. Plaintiff Peter Tsolkas was arrested for Resisting an Officer Without Violence and Interference with Navigation and taken to jail.

28. On January 7, 2016, the State filed a Notice of Nolle Prosequi in the case against Plaintiff Daskaloudi.

29. On October 28, 2016, the State announced Nolle Prosequi on the charge against Plaintiff Segal-Wright.

30. On November 1, 2016, the State announced Nolle Prosequi on both charges against Plaintiff Tsolkas.

<u>COUNT I</u>

**42 U.S.C. §1983 – FALSE ARREST**
**(Defendants Lawrence and Zukowsky)**

31. Paragraphs 1 through 31 above, are adopted and incorporated herein by reference.

32. Defendants Lawrence and Zukowsky's actions in seizing and arresting Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright constitute an unreasonable search and seizure of Plaintiffs under the Fourth Amendment to the United States Constitution, and is actionable under 42 U.S.C. §1983.

4

33.    Defendants Lawrence and Zukowsky arrested Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright without probable cause or even arguable probable cause, thereby constituting an unreasonable seizure under the Fourth Amendment to the United States Constitution.

34.    The actions and inactions alleged above were undertaken by Defendants Lawrence and Zukowsky's willful, wanton, callous, and knowing disregard of the clearly established rights of Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright to be free from unreasonable searches and seizures.

35.    As a direct and proximate result of Defendants Lawrence and Zukowsky's unlawful arrest, Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright suffered damages, including, but not limited to, loss of liberty, loss of earnings, mental anguish, emotional distress, humiliation, and public ridicule.

WHEREFORE, Plaintiffs demand judgment from Defendants Lawrence and Zukowsky, individually, for:

      a.    actual and compensatory damages;

      b.    punitive damages;

      c.    an award of attorney's fees and costs; and

      d.    any relief that this court deems just and proper.

## COUNT II

### 42 U.S.C. §1983 – FIRST AMENDMENT VIOLATION
### (Defendants Lawrence and Zukowsky)

36.    Paragraphs 1 through 31 above, are adopted and incorporated herein by reference.

37.     Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright engaged in constitutionally protected speech while peacefully protesting St. Augustine's celebration of Pedro Menendez on or about September 8, 2015.

38.     Defendants Lawrence and Zukowsky arrested Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright without probable cause or even arguable probable cause in retaliation for Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright's protest against the celebration of Pedro Menendez.

39.     Defendants Lawrence and Zukowsky's retaliatory conduct adversely affected Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright's ability to engage in the constitutionally protected speech of peaceful protesting.

40.     Defendants Lawrence and Zukowsky's actions in arresting Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright would likely deter a person of ordinary firmness from exercising their First Amendment rights to engage in peaceful protest.

41.     Defendants Lawrence and Zukowsky's actions in seizing and arresting Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright in retaliation for Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright's exercise of their First Amendment rights violated Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright's rights under the First and Fourteenth Amendments to the United States Constitution and is actionable under 42 U.S.C. §1983.

42.     The actions and inactions were undertaken with Defendants Lawrence and Zukowsky's willful, wanton, callous, and knowing disregard of the clearly established rights of Myrto Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright to engage in protected First Amendment speech.

6

43.    As a direct and proximate result of Defendants Lawrence and Zukowsky's violation of Mytro Daskaloudi, Peter Tsolkas, and Nicholas Segal-Wright's First Amendment rights, Plaintiffs suffered damages, including, but not limited to, loss of liberty, loss of earnings, mental anguish, emotional distress, humiliation, and public ridicule.

WHEREFORE, Plaintiffs demand judgment from Defendants Lawrence and Zukowsky, individually, for:

    a.    actual and compensatory damages;

    b.    punitive damages;

    c.    an award of attorney's fees and costs; and

    d.    any relief that this court deems just and proper.

7

## DEMAND FOR JURY TRIAL

Plaintiffs Daskaloudi, Tsolkas, and Segal-Wright hereby demand trial by jury on all issues so triable.

DATED this __10th__ day of January, 2017.

Respectfully submitted,

Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:    (904) 356-9667
Email:        sheplaw@att.net
**COUNSEL FOR PLAINTIFFS**

CES/dp[kayakers.complaint]